# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT MANZ,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BRENNTAG N.A., *et al.*,<br><br>　　　　　　　Defendant. | Civil Action No.<br>3:18-cv-14083 (PGS) (TJB)<br><br>**MEMORANDUM<br>AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion to remand the action to state court filed by Plaintiff. (ECF No. 7). According to the complaint, Plaintiff was exposed to Johnson & Johnson baby powder, which contained asbestos, beginning in the late 1970s and continuing into the 1990s. (Notice of Removal, Ex. 1, Complaint ("Complaint"), ECF No. 1-1 at ¶ 1). The baby powder caused Plaintiff to develop mesothelioma. (*Id.* at ¶ 7).

On September 14, 2018, Plaintiff filed a complaint in New Jersey Superior Court, Middlesex County. In addition to the moving Defendants, the complaint also names as defendants: Brenntag, N.A.; Brenntag Specialties, Inc.; Sierra Talc Company; United Talc Company; Luzenac America, Inc.; Cyprus Industrial Minerals Company; Johnson & Johnson Consumer Companies, Inc.; and Whitaker, Clark & Daniels, Inc. Immediately after the complaint was filed, Imerys removed the case to this Court, citing 28 U.S.C. § 1441(b)(2) and *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 153 (3d Cir. 2018). (*See* Notice of Removal, ECF No. 1 at ¶ 20).

Plaintiff is a resident of Wisconsin. (*Id.* at ¶ 10). Imerys is a Delaware corporation with its principal place of business in California. (*Id.* at ¶ 11). Cyprus Amax is a Delaware corporation with a principal place of business in Arizona. (*Id.* at ¶ 12). Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Brenntag Specialties, Inc.; and Brenntag North America are "forum defendants," having both their places of incorporation and principal places of business in New Jersey. (*Id.* at ¶¶ 13-16).

Plaintiff argues the Court should remand this matter to state court pursuant to the forum defendant rule because it served the forum defendants with the complaint before Defendants removed the action to federal court. Pursuant to the forum defendant rule, a civil action otherwise removable based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Courts have recognized that Congress enacted the properly joined and served rule "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (citations omitted).

Here, remand is not proper because the forum defendants were not "properly joined and served" when the removal was complete. 28 U.S.C. § 1441(b)(2). "Personal service is the primary method of service in New Jersey." *City of Passaic v. Shennett*, 915 A.2d 1092, 1097 (N.J. Super. Ct. App. Div. 2007). Service by certified mail is permitted only "[i]f personal service cannot be effected after a reasonable and good faith attempt." N.J. Ct. R. 4:4-3(a). Even where proper, service by certified mail is "effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto." N.J. Ct. R. 4:4-4(c). There is no showing that Plaintiff first attempted personal service of the complaint before serving it by certified mail.

And, removal was completed before the forum defendants answered or otherwise appeared in response to the complaint.

The Third Circuit has recently addressed this exact issue and held that remand is not permitted because the "properly joined and served" requirement imposes "a bright-line rule." *Encompass Ins. Co.*, 902 F.3d at 153. The court acknowledged that the "result may be peculiar in that it allows [a defendant] to use pre-service machinations to remove a case that it otherwise could not," but the language of the statute rather than the peculiar result controls. *Id.* at 153-54. The Court specifically noted:

> We are aware of the concern that technological advances since enactment of the forum defendant rule now permit litigants to monitor dockets electronically, potentially giving defendants an advantage in a race-to-the-courthouse removal scenario. . . . If a significant number of potential defendants (1) electronically monitor dockets; (2) possess the ability to quickly determine whether to remove the matter before a would-be state court plaintiff can serve process; and (3) remove the matter contrary to Congress' intent, the legislature is well-suited to address the issue.

*Id.* at 153 n.4.

Because the forum defendants were not served with the complaint before Imerys completed removal, the forum defendants were not "properly joined and served" under the removal statute. The Court is bound by Third Circuit precedent to deny Plaintiff's motion to remand.

# ORDER

This matter comes before the Court on a motion filed by Plaintiff to remand the action to state court. The Court has considered the written submissions of the parties and held oral argument on December 6, 2018. Accordingly, for the reasons stated herein and for good cause shown,

**IT IS** on this 20th day of June, 2019;

**ORDERED** that the motion to remand to state court filed by Plaintiff (ECF No. 7) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.